THE LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Blvd., Ste. 310
Woodland Hills, CA 91367
Telephone:    (818) 347-3333
Facsimile:    (818) 347-4118

THE LAW OFFICES OF STEVEN GRAFF LEVINE
Steven Graff Levine (SBN 140585)
stevengrafflevine99@gmail.com
1112 Montana Avenue, #309
Santa Monica, CA 90403
310-497-1974

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LINGA; JOHNNY LINGA; and OSCAR MOORE,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF RIVERSIDE; STATE OF CALIFORNIA; STAN SNIFF; THE CALIFORNIA POLICE ACTIVITIES/ALTHLETIC LEAGUE; THE NATIONAL POLICE ACTIVITIES/ALTHLETIC LEAGUE; THE SHERIFF'S ATHLETIC LEAGUE; ESTATE OF KEVIN DUFFY; and DOES 1-10,<br><br>Defendants. | Case No.  5:20-cv-01544<br><br>**COMPLAINT FOR DAMAGES**<br>1. Unreasonable Search and Seizure (42 U.S.C. § 1983)<br>2. Municipal Liability – Ratification (42 U.S.C. § 1983)<br>3. Municipal Liability – Inadequate Training (42 U.S.C. § 1983)<br>4. Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>5. Childhood Sexual Assault (Cal. Code Civ. P. § 340.1)<br>6. Battery<br>7. Negligence<br>8. Intentional Infliction of Emotional Distress<br>9. Bane Act (Cal. Code §52.1)<br><br>**DEMAND FOR JURY TRIAL** |

1

## **COMPLAINT FOR DAMAGES**

COME NOW Plaintiffs CHRISTOPHER LINGA, JOHNNY LINGA, and OSCAR MOORE, who complain and allege as follows against Defendants County of Riverside, State of California, the California Police Athletic/Activities League, the National Police Athletic/Activities League, the Sheriff's Athletic League, former Sheriff Stan Sniff, the Estate of Kevin Duffy, and DOES 1-10:

## **INTRODUCTION**

1.      This 42 U.S.C. 1983 and state tort action seeks damages from Defendants County of Riverside, the California Police Athletic League, former Sheriff Stan Sniff, the Estate of Kevin Duffy and DOES 1-10, including punitive damages and treble damages against the individual defendants, for misconduct with respect to Riverside County Sheriff's Deputy Kevin Duffy's sexual molestation against minor children, including Plaintiffs CHRISTOPHER LINGA ("CHRIS"), JOHNNY LINGA ("JOHNNY"), and OSCAR MOORE ("OSCAR").

## **THE PARTIES**

2.      At all relevant times Kevin Duffy ("DUFFY"), deceased, was an investigator for the Riverside County Sheriff's Department ("RCSD") and the Executive Director for the County of Riverside Sheriff's Activities League program, Hemet Station ("SAL") and/or the California Police Activities/Athletic League ("CA PAL").

3.      Plaintiff CHRIS was, at all relevant times, a minor individual residing in the County of Riverside, State of California.  CHRIS was a youth member of SAL and/or CA PAL, where he was sexually molested by.  CHRIS seeks damages against Defendants County of Riverside ("COUNTY"), the State of California ("STATE"), SAL, PAL, the National Police Athletic/Activities League ("NATIONAL PAL"), former Riverside County Sheriff Stan Sniff ("SNIFF"), the Estate of Kevin Duffy ("ESTATE") and DOES

1-10 for the violations of his rights under federal and state law.  At all relevant times,
CHRIS was under the age of 14.

4.      Plaintiff JOHNNY was, at all relevant times, a minor individual residing in
the County of Riverside, State of California.  JOHNNY was a youth member of the SAL
and/or CA PAL program where he was sexually molested by DUFFY.  JOHNNY seeks
damages against Defendants COUNTY, STATE, NATIONAL PAL, CA PAL, SNIFF,
the ESTATE and DOES 1-10 for the violations of his rights under federal and state law.
At all relevant times, JOHNNY was under the age of 14.

5.      Plaintiff OSCAR was, at all relevant times, a minor individual residing in
the County of Riverside, State of California.  OSCAR was a youth member of the SAL
program where he was sexually molested by DUFFY.  OSCAR seeks damages against
Defendants damages against Defendants COUNTY, STATE, CA PAL, NATIONAL
PAL, SNIFF, the ESTATE and DOES 1-10 for the violations of his rights under federal
and state law.  At all relevant times, OSCAR was under the age of 14.

6.      At all relevant times, Defendant COUNTY is and was a municipal
corporation existing under the laws of the State of California.  COUNTY is a chartered
subdivision of the State of California with the capacity to be sued.  COUNTY is
responsible for the actions, omissions, policies, procedures, practices, and customs of its
various agents and agencies, including the RCSD and the SAL and their agents and
employees.  At all relevant times, Defendant COUNTY was responsible for assuring that
the actions, omissions, policies, procedures, practices, and customs of the RCSD and its
employees and agents complied with the laws of the United States and of the State of
California.  At all relevant times, COUNTY was the employer of DUFFY and
Defendants SNIFF and DOES 1-10.

7.      At all relevant times, Defendant STATE is and was a duly organized public
entity existing under the laws of the State of California.  STATE is responsible for the
actions, omissions, policies, procedures, practices, and customs of its various agents and
agencies, including the CA PAL and its agents and employees, including DUFFY.

COMPLAINT FOR DAMAGES

8.      Defendant SNIFF is the former Sheriff for the RCSD.  SNIFF was acting under color of law within the course and scope of his duties as the Sheriff for the RCSD. At all relevant times, SNIFF was acting with the complete authority and ratification of his principal, Defendant COUNTY.  All of the acts complained of in this complaint occurred during SNIFF's tenure.  SNIFF is sued in his individual capacity.  As the head of the Sheriff's Department, SNIFF was the person ultimately responsible for DUFFY's depraved behavior as alleged below.

9.      Defendant NATIONAL PAL is a national organization founded to reduce juvenile crime and delinquency by uniting law enforcement officers with at-risk youth. Defendant NATIONAL PAL was responsible for monitoring its chapter organizations and failed to monitor its chapter organizations (CA PAL and/or SAL) and allowed DUFFY to engage in misconduct as set forth below through DUFFY's position of authority in the SAL and/or CA PAL programs.

10.     Defendant CA PAL is a statewide organization that was founded in 1971 to reduce juvenile crime and delinquency by uniting law enforcement officers with at-risk youth.  Defendant CA PAL was at all relevant times responsible for monitoring its chapter organizations and failed to monitor SAL and allowed DUFFY to engage in misconduct as set forth below through DUFFY's position of authority in the CA PAL and/or SAL programs.

11.     Defendant SAL, RCSD, Hemet Station chapter, is a youth outreach program. Defendant SAL allowed DUFFY to engage in misconduct as set forth below through DUFFY's position of authority in the SAL program.  SAL is a chapter organization of CA PAL and NATIONAL PAL.

12.     At all relevant times, Defendants DOES 1-5 were deputy sheriffs and/or managerial and supervisory officers for the RCSD and/or employees, agents and/or volunteers for the SAL.  DOES 1-5 were acting under color of state law within the course and scope of their duties for the RCSD.  DOES 1-5 were acting with the complete

authority and ratification, permission, and consent of their principal, Defendant COUNTY.

13.    At all relevant times, Defendants DOES 6-8 were agents/employees and/or volunteers for the CA PAL, who were responsible for overseeing SAL directors, employees, agents, and/or volunteers, including DUFFY.  DOES 6-8 were acting under color of law within the course and scope of their duties for the CA PAL and/or STATE.  DOES 6-8 were acting with the complete authority and ratification, permission, and consent of their principal, Defendant STATE.

14.    At all relevant times, Defendants DOES 9-10 were agents/employees and/or volunteers for the NATIONAL PAL, who were responsible for overseeing NATIONAL PAL, CA PAL, and SAL directors, employees, agents, and/or volunteers, including DUFFY.  DOES 9-10 were acting under color of law within the course and scope of their duties for the NATIONAL PAL.

15.    At all times mentioned herein, each Defendant was responsible in some manner or capacity for the occurrences herein alleged. Plaintiffs' damages, as herein alleged, were proximately caused by all Defendants.

16.    The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names.  Plaintiffs will seek leave to amend their complaint to show the true names and capacity of these Defendants when the facts have been ascertained.  Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.  Defendants DOES 1-10 are sued in their individual capacities.

17.    At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

18.    All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants,

and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

## JURISDICTION AND VENUE

19.   This Court has jurisdiction over the present matter because, as delineated within this Complaint, the nature of the claims and the amount in controversy meet the requirements for jurisdiction in the Superior Court of the State of California.

20.   Venue is proper in this Court under Section 395(a) of the California Code of Civil Procedure because all incidents, events, and occurrences giving rise to this action occurred in the County of Riverside, California, and because Defendants reside in the County of Riverside, California.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

21.   On April 28, 1992, a "We Tip Crime Report," Case No. 184240, was made to the RCSD, Hemet Station, where DUFFY was assigned. The crime report stated that a RCSD deputy would sell drugs that the RCSD had confiscated. The crime report was recovered during a search warrant of DUFFY's home on September 15, 2009. There is no evidence that the COUNTY, through its RCSD, ever investigated this "We Tip" claim to confirm or deny the claim.

22.   At all relevant times, DUFFY was the Executive Director of the RCSD SAL program and/or an employee, agent, and/or volunteer for the CA PAL. SAL, CA PAL and NATIONAL PAL were designed to help abused and "at risk" children.

23.   The Board of Directors of SAL and/or CA PAL vacated its oversight role of SAL and/or CA PAL and gave DUFFY free reign. For example, SAL Board Member Ronaldo Olivo told investigators that there was no policy regarding adults chaperoning boys on trips. Also by way of example, SAL Board member Judy Edwards told

investigators that there were no written policies regarding overnight trips. DUFFY often took one or two young boys on overnight trips while he was the head of SAL.

24.    In 2005, DUFFY requisitioned two SAL "Community Resource Vehicles" from the Riverside County Board of Supervisors. DUFFY stated that abused "children need a place where they can be examined, screened and interviewed . . . and a place they can feel safe and secure."

25.    DUFFY used the SAL vehicles to commit a series of California Penal Code Section 288(a) felonies. Under Cal. Penal Code Section 288(a), it is a felony to willfully touch any body part of a person who is under 14 years of age with the intent to gratify one's own sexual desires, and consent is not a defense.

26.    DUFFY routinely took minors in his police vehicle as a "ride-along" as early as 2003.

27.    DUFFY inserted himself into the life of CHRIS, who was a SAL and/or CA PAL participant. DUFFY "groomed" CHRIS, including by inserting himself into CHRIS' troubled, poor family, showing up on holidays, bringing CHRIS presents at school, showing up at CHRIS' football games, taking CHRIS to skate parks, hosting CHRIS for sleepovers at DUFFY's home, and taking CHRIS and other young boys to Disneyland, on camping trips, and to skating competitions. DUFFY began to get physical with CHRIS after "grooming" him, and molested CHRIS on two separate occasions.

28.    During the summer of 2008, DUFFY sexually assaulted Plaintiff CHRIS in the bed of a SAL vehicle during an overnight trip. DUFFY unbuttoned his pants, stroked his penis with his bare hand for three to five minutes, and tried to pull CHRIS's arm to his penis. DUFFY also pulled down CHRIS' pants and grabbed CHRIS' penis. CHRIS pulled away and left the SAL recreational vehicle. When he returned to the vehicle, he slept on the other side of JOHNNY to create a barrier between him and DUFFY. DUFFY slept in the vehicle with CHRIS and JOHNNY that night. JOHNNY corroborated CHRIS' account.

29.    On a separate occasion, CHRIS went to DUFFY's home for a "tour of the house."  DUFFY threw CHRIS on a bed and ground his penis into CHRIS's buttocks. DUFFY became mad when CHRIS told him to stop.  DUFFY photographed CHRIS sucking a lollipop, which was sexual in nature under the totality of circumstances.

30.    JOHNNY became a member of SAL in 2005.  DUFFY regularly took JOHNNY on overnight trips, along with approximately a dozen other boys.  During the overnight trips, DUFFY would initiate physical contact with the young boys and would videotape the young boys.  On the majority of the trips, DUFFY was the only adult present.  DUFFY sexually assaulted JOHNNY on at least two separate occasions.  In 2007, DUFFY took JOHNNY to DUFFY's home, where he put his hands under JOHNNY's underwear and squeezed his pelvis above his penis.  JOHNNY asked DUFFY to stop, and DUFFY did not stop until JOHNNY was crying.  On the second occasion, DUFFY took approximately eight boys to his home on the way back from a SAL field trip.  At DUFFY's home, the boys went swimming in their under wear, and DUFFY swam with the boys in his underwear.  While the boys and DUFFY were swimming, DUFFY grabbed JOHNNY, ripped off JOHNNY's underwear, flipped JOHNNY upside down with his head under the water and JOHNNY's penis in his face, wrapped him in his arms, and did not let go for many seconds.   On information and belief, this "surprise pool party" was just a pretext to get boys stripped to their underwear in his pool and was too done for his sexual gratification.

31.    DUFFY also sexually assaulted OSCAR.  DUFFY knew that OSCAR came from a troubled, fatherless home, and he took advantage of OSCAR.  During an overnight trip, OSCAR went to the SAL vehicle to get a beverage.  DUFFY followed OSCAR, started squeezing OSCAR's thighs, pulled OSCAR's pants down, and then gave OSCAR a "hand job" and performed oral sex on OSCAR for approximately thirty seconds.  During a separate trip where the boys and DUFFY rode jet skis, DUFFY pulled OSCAR from his hips and placed him on his lap for his own sexual gratification, and OSCAR could unintentionally feel DUFFY's penis.  OSCAR was eleven years old

8

at the time of DUFFY's sexual assault.  OSCAR was scared and confused at the time of
the sexual assault.  By his demeanor, DUFFY made it clear to OSCAR that OSCAR
could not report the sexual assault.

32.    OSCAR, CHRIS, and JOHNNY were afraid that DUFFY would hurt them if
they reported his sexual assault.  OSCAR, CHRIS, and JOHNNY continue to suffer
from humiliation, guilt and shame relating to DUFFY's sexual assault.  Neither SNIFF,
DOES 1-10, or any person from the RCSD ever reached out to OSCAR, CHRIS,
JOHNNY, or any of the other known victims to provide outreach or therapy.

33.    In addition to the clear sexual assault, DUFFY commonly physically
wrestled with the minor boys in order to put himself in a position of dominance and
make the minor boys feel weak.

34.    On January 15, 2009, RCSD investigators monitored a call between CHRIS
and DUFFY.  CHRIS told DUFFY that he did not want to hang out with him because
DUFFY had touched his penis, and DUFFY did not deny the allegations.  Instead, he
stated that he wanted "to come over and talk about it."

35.    According to a whistleblower, seven allegations of childhood sexual assault
against DUFFY were confirmed at the time that DUFFY was interviewed on January 15,
2009.

36.    Also on January 15, 2009, a search warrant was executed at DUFFY's
residence and at DUFFY's station desk.  Investigators uncovered incriminating
evidence, including but not limited to the following: child pornography; an official law
enforcement publication entitled, "Child Molesters: A Behavioral Analysis"; and a
RCSD criminal case file labelled "288 PC Info," containing 27 color photographs of
boys in various stages of undress in a swimming pool or a camping background setting;
unregistered firearms.  A piece of paper with websites related to "shirtless boys" was
located at DUFFY's work desk, indicating that he used his WORK computer as a means
to further his crimes.  A file containing dozens of pictures of shirtless boys who were

SAL participants was found on DUFFY's personal computer.  On information and belief, these photographs were taken without the boys' consent.

37.    Also on January 15, 2009, DUFFY was interviewed by RCSD sheriff's investigators and took a polygraph examination. The polygraph examiner asked DUFFY if he ever touched CHRIS's penis, and when DUFFY said "no," the examiner told DUFFY that the test revealed that he was lying.

38.    On January 15, 2009, after the investigation revealed the foregoing evidence, the Central Homicide Investigation Team had probable cause to arrest DUFFY for sexual assault and possession of child pornography and unregistered firearms.  On information and belief, the case agents wanted to arrest DUFFY immediately, but SNIFF personally ordered DUFFY's release.  DUFFY was released without any surveillance, and DUFFY was left free to destroy evidence and visit the victims, one of whom he gifted with a shotgun.

39.    DUFFY should have been arrested on January 15, 2009.  DUFFY was unhinged, and his co-workers were completely aware of that fact.  For example, an investigator working for the RCSD Hemet Station stated that DUFFY had free reign with SAL, and no one would address that.  RCSD Hemet Station investigators also reported that DUFFY was ignoring his assignments and duties as a RCSD sheriff's deputy and instead only engaging in SAL activities with young boys.  SNIFF should have questioned DUFFY's RCSD coworkers before ordering him released without surveillance.

40.    After being released, DUFFY committed suicide on January 25, 2009.

41.    After DUFFY's death, SNIFF did not issue a press release describing DUFFY's crimes or ask any potential victims to come forward.  SNIFF further covered up the case after DUFFY's crimes were unearthed by lying to the media, including by falsely claiming that the case agents did not seek to arrest DUFFY and by falsely claiming that the District Attorney required additional search warrants before DUFFY could be arrested.

42.    After DUFFY committed suicide, DUFFY's wife informed the RCSD that she suspected that DUFFY had attempted suicide on January 15, 2009, after DUFFY took a polygraph test relating to CHRIS' allegations of childhood sexual assault against DUFFY.  The results of the January 15, 2009 polygraph test indicated that DUFFY was lying when he denied sexually assaulting CHRIS and other minors.  DUFFY's wife also informed the RCSD that DUFFY had additionally attempted suicide on January 16, 2009.

43.    The RCSD never issued a press release to the public naming the crimes that DUFFY had committed and never asked any minor SAL victims to come forward or performed any outreach to any SAL and/or CA PAL victims.

44.    After DUFFY's death, the RCSD informed CHRIS that DUFFY had committed suicide.  CHRIS blamed himself for DUFFY's death because he had reported the childhood sexual assault.  As a result of DUFFY's wrongful acts, CHRIS became angry, irritable, anxious, and began to suffer from nightmares and incontinence.

45.    The RCSD interviews of the minors after DUFFY's death were conducted with the intent to wrap up the investigation rather than to uncover additional wrongdoing.  For example, investigators interviewed JOHNNY with respect to CHRIS' story but never asked JOHNNY whether DUFFY also sexually assaulted JOHNNY.

46.    In addition to sexually assaulting CHRIS, OSCAR, and JOHNNY, DUFFY sexually assaulted numerous minor boys who were SAL participants and otherwise touched the boys for his own sexual gratification and arousal, as follows:

> a) S.I., who was a minor at all relevant times, was a victim of DUFFY and also witnessed DUFFY sexually assaulting other boys.  DUFFY asked S.I. to recruit other boys into SAL so that DUFFY could sexually assault them.  DUFFY would regularly approach S.I. from behind and request him to "sing me a song" as he applied pressure to his abdomen.  DUFFY also gave S.I. gifts, including a gift card, and spoke to S.I. on the phone twice a week.

11

b) E.R., who was a minor at all relevant times, reported in February 2009 that DUFFY bought him numerous gifts, gave him money, took him to the movies alone and took him out to lunch, also alone.  DUFFY also took E.R. on two overnight trips when no other person was present.  During the overnight trips, DUFFY and E.R. slept alone together under one blanket and also once scratched E.R.'s back while DUFFY was shirtless.  On another occasion, DUFFY and E.R. slept together in the backseat of DUFFY's SAL vehicle.  When DUFFY drove E.R. in his SAL vehicle on other occasions, he would squeeze E.R.'s legs and torso and make E.R. whistle while he squeezed him.  DUFFY also took shirtless pictures of E.R., and E.R. reported that DUFFY often asked the boys to take off their shirts.  OSCAR also believes that DUFFY sexually assaulted E.R. during the overnight trip where DUFFY performed oral sex on OSCAR.  That night, DUFFY insisted that E.R. sleep with him.

c) P.A., who was a minor at all relevant times, reported in May 2009 that while he attended unsupervised overnight SAL trips, DUFFY would frequently sleep in the same tent with the young SAL members and would pin the boys down and tickle them.

d) B.B., who was a minor at all relevant times, reported in February 2009 that he attended numerous unsupervised camping trips with DUFFY and twice visited DUFFY's residence.  On one occasion, B.B. and DUFFY were at his home alone.  On another occasion, B.B. and another minor boy were swimming at DUFFY's house, and DUFFY physically wrestled with the minor boys as they swam.  DUFFY "groomed" B.B., including by providing him with a cell phone and calling him every morning and giving him other gifts like a

skateboard and gift cards.  In light of the grooming, DUFFY's act of
wrestling with B.B. in the pool was for DUFFY's sexual gratification.

e) L.C., who was a minor at all relevant times, reported in April 2009
that he stayed in a hotel room with DUFFY on two separate
occasions, unsupervised, that he went to see a movie on a Friday with
DUFFY, and that DUFFY squeezed L.C.'s leg above the knee.  L.C.
received numerous gifts from DUFFY.

f) A.C., who was a minor at all relevant times, reported in January 2009
that through SAL, DUFFY took him on five deep sea fishing trips, to
Disneyland, and to the skate part on numerous occasions.  DUFFY
also drove to Arizona to pick up A.C. and take him to the Rose Parade
in Pasadena.  On the drive to Arizona, DUFFY stopped at a motel to
sleep, and DUFFY slept in the same bed with A.C. in a state of
undress.

g) H.C., who was a minor at all relevant times, reported in May 2009
that he swam at DUFFY's residence twice when no other person was
present, and that DUFFY would grab his knees.

h) A.F., who was a minor at all relevant times, reported in May 2009 that
DUFFY gave him a permission slip to miss school so that A.F. could
go on an overnight SAL trip.  A.F. corroborated the accounts of the
other victims, including that L.C. received gifts from DUFFY such as
a skateboard and clothing.

i) D.C., who was a minor at all relevant times, reported in April 2009
that DUFFY took D.C. on several trips.  D.C. described DUFFY
touching other boys for his sexual gratification.

j) J.C., who was a minor at all relevant times, reported that DUFFY
would grab his thigh and squeeze it for approximately one minute
until J.C. said a particular word, and that DUFFY would tickle all the

13

boys. When asked about inappropriate touching, JC covered his crotch area with a blanket.

k) J.K., who was a minor at all relevant times, reported in May 2009 that DUFFY plied him with various gifts, including a cell phone, and that CHRIS told J.K. that DUFFY had inappropriately touched him during an overnight trip in 2008.

l) C.L., who was a minor at all relevant times, reported in February 2009 that DUFFY and CHRIS "hung out a lot" and that DUFFY bought many gifts for C.L. and CHRIS and took C.L. to the movies.

m) D.L., who was a minor at all relevant times, reported that he attended several overnight trips with DUFFY and that DUFFY gave him numerous gifts and inappropriately squeezed and grabbed his knees while asking D.L. to whistle, sing a song, or stick out his tongue.

n) N.M., who was a minor at all relevant times, reported that he slept in the same bed with DUFFY in a motel with another boy, and that DUFFY grabbed and pinched N.M. and the other boy while playing with the boys on the bed.  DUFFY also plied N.M. with numerous gifts.

o) C.M., who was a minor at all relevant times, reported that DUFFY tickled him and explained that Duffy likes to play a game called "Tap-Tap-Kaboom with the boys, which is played by someone tapping someone in the stomach twice then smacking the back of their head while saying "Tap-Tap-Kaboom."  DUFFY played this game with the boys for his own sexual gratification.

47.    SNIFF and DOES 1-5 covered up the case, closed the investigation, and ordered investigators not to find additional victims.  SNIFF ordered employees to remove the SAL stickers from DUFFY's SAL vehicles, and investigators did no testing

of the SAL vehicles for semen or other evidence of child sexual assault.  The cover-up was calculated and conscientious.  SNIFF was running for reelection in 2010.

48.    SNIFF and DOES 1-5 continued to cover up the case and DUFFY's crimes in 2018.  Defendants, including SNIFF, also failed to do any outreach to the one acknowledged victim or to any of the 75 minors interviewed, many of whom were known Cal. Penal Code Section 288(a) victims of DUFFY.  Under California Code of Civil Procedure Section 340.1 ("Childhood Sexual Assault"), Plaintiffs are entitled to treble damages because Defendants made a concerted effort to cover up DUFFY's multiple Cal. Penal Code Section 288(a) offenses.

49.    Pursuant to California Code of Civil Procedure Section 340.1, the statute of limitations on a claim for childhood sexual assault expires 22 years after the date of the plaintiff's eighteenth birthday.  This section applies to liability against any person or entity who owed a duty of care to the plaintiff, if a wrongful or negligent act by that person or entity was a legal cause of the childhood sexual assault that resulted in injury to the plaintiff, and for liability against any person or entity if an intentional act by that person or entity was a legal cause of the childhood sexual assault that resulted in injury to the plaintiff.  This statute of limitations applies to each of Plaintiffs' claims under federal and state law, as each claim is based on DUFFY's sexual assault of CHRIS, JOHNNY, and OSCAR when they were minors.

50.    Pursuant to California Government Code Section 905(m), claims made pursuant to California Code of Civil Procedure Section 340.1 are exempt from the requirements of the California Tort Claims Act.  This applies to each of Plaintiffs' claims alleged herein.

//
//
//
//

## FIRST CLAIM FOR RELEIF

### Unreasonable Search and Seizure (42 U.S.C. § 1983)

(By all Plaintiffs against Defendants SNIFF, ESTATE OF DUFFY, and DOES 1-10)

51.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

52.    DUFFY's unwanted sexual molestation of Plaintiffs deprived Plaintiffs of their rights to be secure in their persons against unreasonable searches and seizures as guaranteed to Plaintiffs under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

53.    At all relevant times, DUFFY, SNIFF, and DOES 1-10 were acting under color of state law.

54.    As a direct result of DUFFY's misconduct, as well as a direct result of Defendants SNIFF's, COUNTY's, SAL's, CA PAL's and DOES 1-10's failures to investigate and report DUFFY, Plaintiffs have suffered and continue to suffer great pain of mind and body, shock, severe emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, and humiliation.  Also as a result of Defendants' and DUFFY's conduct, Plaintiffs were prevented and continue to be prevented from performing daily activities and obtaining the full enjoyment of life. Further, Plaintiffs will sustain loss of earnings and reduced earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.  Plaintiffs are therefore entitled to compensatory damages from Defendants.

55.    The conduct of DUFFY and SNIFF and DOES 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiffs and therefore warrants the imposition of punitive damages as to individual Defendants SNIFF and DOES 1-10.

56.    Plaintiffs also seek attorneys' fees on this claim.

## SECOND CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(By all Plaintiffs against Defendants COUNTY, SNIFF and DOES 1-5)

57.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of their Complaint with the same force and effect as if fully set forth herein.

58.    At all relevant times, DUFFY and Defendants SNIFF and DOES 1-5 acted under color of law.

59.    DUFFY's sexual molestation of Plaintiffs deprived Plaintiffs of their rights under the Fourth Amendment to the United States Constitution as alleged above.

60.    Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of DUFFY, including SNIFF, ratified DUFFY's acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of DUFFY's acts.

61.    Upon information and belief, a final policymaker has determined that DUFFY's acts were "within policy."

62.    As a direct result of DUFFY's misconduct, as well as a direct result of Defendants SNIFF's, COUNTY's, SAL's, CA PAL's and DOES 1-5's failures to investigate and report DUFFY, Plaintiffs have suffered and continue to suffer great pain of mind and body, shock, severe emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, and humiliation.  Also as a result of Defendants' and DUFFY's conduct, Plaintiffs were prevented and continue to be prevented from performing daily activities and obtaining the full enjoyment of life.  Further, Plaintiffs will sustain loss of earnings and reduced earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.  Plaintiffs are therefore entitled to compensatory damages from Defendants.

63.    The conduct of SNIFF, DUFFY, and DOES 1-5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiffs and

therefore warrants the imposition of exemplary and punitive damages as to individual Defendants SNIFF and DOES 1-5 on this claim.

64.    Plaintiffs also seek attorneys' fees under this claim.

## THIRD CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(By all Plaintiffs against Defendants COUNTY, SNIFF and DOES 1-5)

65.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of their Complaint with the same force and effect as if fully set forth herein.

66.    Defendants SNIFF and DOES 1-5 acted under color of state law.  DUFFY also acted under color of state law.

67.    DUFFY's sexual molestation of Plaintiffs deprived Plaintiffs of their rights under the United States Constitution.

68.    The training policies of Defendant COUNTY were not adequate to train its deputies to handle the usual and recurring situations with which they must deal.

69.    Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

70.    The failure of Defendant COUNTY or PAL or SNIFF to provide adequate training to DUFFY caused the deprivation of Plaintiffs' rights by DUFFY; that is, the Defendants' failure to train is so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused the ultimate injury.

71.    As a direct result of DUFFY's misconduct, as well as a direct result of Defendants SNIFF's, COUNTY's, SAL's, CA PAL's and DOES 1-5's failures to investigate and report DUFFY, Plaintiffs have suffered and continue to suffer great pain of mind and body, shock, severe emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, and humiliation.  Also as a result of Defendants' and DUFFY's conduct, Plaintiffs were prevented and continue to be prevented from performing daily activities and obtaining the full enjoyment of life.

Further, Plaintiffs will sustain loss of earnings and reduced earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.  Plaintiffs are therefore entitled to compensatory damages from Defendants.

72.    The conduct of SNIFF, DUFFY and DOES 1-5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to individual Defendants SNIFF and DOES 1-10 on this claim.

73.    Plaintiffs also seek attorney's fees on this claim.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)

(By all Plaintiffs against Defendants COUNTY, SNIFF, and DOES 1-5)

74.    Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs of their Complaint with the same force and effect as if fully set forth herein.

75.    Defendants SNIFF and DOES 1-5 acted under color of state law.  DUFFY also acted under color of state law.

76.    DUFFY's sexual molestation of Plaintiffs deprived Plaintiffs of their rights under the United States Constitution as alleged above.

77.    Defendants SNIFF and DOES 1-5 acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant COUNTY when SNIFF and DOES 1-5 brushed the investigation of DUFFY under the rug when there was clear evidence to arrest DUFFY.

78.    DUFFY was not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with sexually molesting Plaintiff and other minor victims.

79.    Defendants COUNTY, SNIFF, PAL and DOES 1-5 had either actual or constructive knowledge of the deficient policies, practices and customs of brushing

19

misconduct under the rug, as well as actual knowledge of DUFFY's misconduct. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiffs and other individuals similarly situated.

80.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, COUNTY, SNIFF, SAL, CA PAL and DOES 1-5 acted with intentional, reckless, and callous disregard for Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants COUNTY, SNIFF, SAL, CA PAL and DOES 1-5 were affirmatively linked to and were a significantly influential force behind the injuries to Plaintiffs.

81.    As a direct result of DUFFY's misconduct, as well as a direct result of Defendants SNIFF's, COUNTY's, CA PAL's and DOES 1-5's failures to investigate and report DUFFY, Plaintiffs have suffered and continue to suffer great pain of mind and body, shock, severe emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, and humiliation. Also as a result of Defendants' and DUFFY's conduct, Plaintiffs were prevented and continue to be prevented from performing daily activities and obtaining the full enjoyment of life. Further, Plaintiffs will sustain loss of earnings and reduced earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling. Plaintiffs are therefore entitled to compensatory damages from Defendants on this claim.

82.    The conduct of DUFFY, SNIFF, and DOES 1-5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to individual Defendants SNIFF and DOES 1-5 on this claim.

83.    Plaintiffs also seek attorney's fees on this claim.

## FIFTH CLAIM FOR RELEIF

**Childhood Sexual Harassment (California Code of Civil Procedure Section 340.1)**

(By all Plaintiffs against all Defendants)

84.    Plaintiffs reallege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

85.    Toward Plaintiffs, DUFFY intentionally, recklessly, and wantonly made sexual advances, solicitations, requests, and demands for sexual compliance that were unwelcome, pervasive, and severe.  These intentional acts resulted in harmful and offensive contact with intimate parts of Plaintiffs' bodies.  DUFFY used the authority and trust inherent in his position as the head of SAL to exploit Plaintiffs physically, psychologically and emotionally.  These acts were done for DUFFY's perverted sexual gratification.

86.    Plaintiffs did not consent to DUFFY's sexual contacts.  Further, Plaintiffs were minors at all relevant times and were not of age to consent.  Due to Plaintiffs' young age and relationship with DUFFY as the head of SAL, Plaintiffs were unable to terminate their relationships with DUFFY.

87.    Defendants SNIFF, COUNTY, STATE, NATIONAL PAL, SAL, CA PAL and DOES 1-10 knew or should have known that DUFFY was sexually assaulting minors, and Defendants SNIFF, COUNTY, STATE, NATIONAL PAL, SAL, CA PAL and DOES 1-10 failed to investigate, properly supervise, and/or properly monitor DUFFY.

88.    As a result of the above-described conduct, Plaintiffs have suffered and continue to suffer great pain of mind and body, shock, severe emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, and humiliation.  Also as a result of Defendants' and DUFFY's conduct,

Plaintiffs were prevented and continue to be prevented from performing daily activities and obtaining the full enjoyment of life. Further, Plaintiffs will sustain loss of earnings and reduced earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling. Plaintiffs are therefore entitled to compensatory damages from Defendants.

89.    In subjecting Plaintiffs to the wrongful treatment herein described, DUFFY and Defendants SNIFF and DOES 1-10 acted willfully and maliciously with the intent to harm Plaintiffs, and in conscious disregard of Plaintiffs' rights. Plaintiffs are therefore also entitled to the recovery of punitive damages, in an amount to be determined at trial, against Defendants SNIFF and DOES 1-10.

90.    Plaintiffs also seek treble damages pursuant to California Code of Civil Procedure Section 340.1(b)(1) on this claim.

91.    Defendant COUNTY is vicariously liable for the wrongful acts of DUFFY and Defendants SNIFF, SAL, CA PAL and DOES 1-5, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability. At all relevant times, DUFFY, SNIFF, and DOES 1-10 were acting in the course and scope of their employment with the COUNTY. At all relevant times, DUFFY and SNIFF were engaged in work that the COUNTY employed him to perform. DUFFY was the Executive Director of the Board of Directors of SAL, a COUNTY program. It was only through SAL that DUFFY had access to the minors whom DUFFY sexually abused. The COUNTY gave DUFFY free reign of SAL as alleged above. Further, DUFFY had requisitioned two SAL Community Resource Vehicles, which were COUNTY property, and it was inside those COUNTY vehicles that DUFFY committed the wrongful acts alleged above. DUFFY's misconduct was incident to his duties as the Executive Director of SAL.

92.    Defendant STATE is vicariously liable for the wrongful acts of DUFFY and Defendants SAL, CA PAL and DOES 6-10, pursuant to section 815.2(a) of the California Government Code.

## SIXTH CLAIM FOR RELIEF

### Battery

(By all Plaintiffs against all Defendants)

93.    Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

94.    When DUFFY sexually assaulted Plaintiffs as set forth above, he committed a battery against Plaintiffs.  The Plaintiffs did not consent to being touched by DUFFY and were too young to legally consent.  The touching was harmful and offensive and caused the Plaintiffs to suffer damages.

95.    At all relevant times, DUFFY and Defendants SNIFF and DOES 1-10 were acting in the course and scope of their employment with the COUNTY.

96.    The COUNTY is vicariously liable for the wrongful acts of DUFFY and all named Defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

97.    Defendant STATE is vicariously liable for the wrongful acts of DUFFY and Defendants SAL, CA PAL and DOES 6-10, pursuant to section 815.2(a) of the California Government Code.

98.    As a direct result of DUFFY's misconduct, as well as a direct result of Defendants SNIFF's, COUNTY's, SAL's, NATIONAL PAL's, CA PAL's and DOES 1-10's failures to investigate and report DUFFY, Plaintiffs have suffered and continue to suffer great pain of mind and body, shock, severe emotional distress, physical

manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, and humiliation.  Also as a result of Defendants' and DUFFY's conduct, Plaintiffs were prevented and continue to be prevented from performing daily activities and obtaining the full enjoyment of life.  Further, Plaintiffs will sustain loss of earnings and reduced earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.  Plaintiffs are therefore entitled to compensatory damages from Defendants on this claim.

99.    The conduct of DUFFY, SNIFF, and DOES 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to individual Defendants SNIFF and DOES 1-10.

100.  Plaintiffs also seek attorney's fees and treble damages pursuant to California Code of Civil Procedure Section 340.1(b)(1) on this claim.

## SEVENTH CLAIM FOR RELEIF

### Negligence

(By all Plaintiffs against all Defendants)

101.  Plaintiffs reallege and incorporate by reference each and every allegation contained herein above as though fully set forth and brought in this cause of action.

102.  Defendants had a duty to protect the Plaintiffs.  This encompasses Defendants' duty to train, supervise, monitor, hire, and retain COUNTY employees, including DUFFY.  Plaintiffs' care, welfare and physical custody were entrusted to Defendants.  Defendants additionally owed Plaintiffs a special duty of care because Plaintiffs were minors.  The duty to protect and warn Plaintiffs arose from the special, trusting, confidential, and fiduciary relationship between Defendants and Plaintiffs.

103.  Prior to and after the first incident of DUFFY's sexual harassment, molestation and abuse of Plaintiffs, Defendants COUNTY, SNIFF, SAL, CA PAL, NATIONAL PAL and DOES 1-10 knew or should have known that DUFFY was

capable of sexually, physically, and mentally abusing and assaulting Plaintiffs and/or other victims.

104.  Defendants COUNTY, STATE, SAL, CA PAL, NATIONAL PAL, SNIFF and DOES 1-10 negligently hired, supervised and retained DUFFY.  Defendants had a mandatory duty to properly supervise the SAL after school program participants, pursuant to California statues and CA PAL's distributed guidelines.  COUNTY, STATE, SAL, CA PAL, NATIONAL PAL, and DOES 1-10 also had the legal and/or mandatory duty to enact and enforce guidelines, training, education, and procedures aimed at preventing, deterring, uncovering, and reporting instances of child sexual abuse by adults, including its staff and volunteers. All Defendants failed to so enact and enforce such guidelines, training, education, and procedures.  DOES 1-10 failed to comply with California's mandatory reporting laws that required them to report acts of suspected child abuse.

105.  At no relevant time did Defendants have in place an adequate system or procedure to reasonably investigate, supervise and monitor child supervisors, including DUFFY, to prevent sexual grooming and sexual assault of children, nor did they implement a system or procedure to oversee or monitor conduct toward minors and others in DUFFY's care.

106.  Defendants SNIFF, COUNTY, STATE, SAL, CA PAL, NATIONAL PAL and DOES 1-10 were aware, or should have been aware, of how vulnerable children are to sexual assault by counselors, advisors, mentors, and other persons of authority within SAL, including DUFFY.

107.  Defendants breached their duties of care to Plaintiffs as follows:

    a)  hiring and retaining DUFFY, whom Defendants knew or should have known had the propensity to sexually abuse minors;

    b)  failing to adequately hire, supervise, monitor, and retain DUFFY;

c) placing DUFFY in positions of trust and authority and allowing DUFFY to contact with Plaintiffs and other SAL participants without supervision, including overnight trips;

d) failing to investigate tips regarding DUFFY's misconduct, even after Defendants SNIFF, COUNTY, and DOES 1-10 suspected that the abuse by DUFFY was occurring;

e) failing to inform Plaintiffs, Plaintiffs' guardians, and law enforcement that DUFFY was sexually assaulting minors;

f) failing to inform Plaintiffs' guardians or law enforcement that DUFFY sexually assaulted Plaintiffs, even after Defendants knew or should have known that DUFFY sexually assaulted Plaintiffs, thereby enabling DUFFY to continue to sexually assault Plaintiffs;

g) holding DUFFY out to Plaintiffs, the public, the community, and law enforcement agencies as being in good standing and trustworthy.

108.  Additionally, under CANRA, Defendants COUNTY, STATE, NATIONAL PAL, SNIFF, SAL, CA PAL and DOES 1-10 were child care custodians and were under a statutory duty to report known or suspected incidents of sexual molestation or abuse of minors to a child protective agency, pursuant to California Penal Code § 11166, and/or not to impede the filing of any such report.

109.  By failing to report the continuing molestations and abuse, which Defendants knew of or should have known of, and by ignoring the fulfillment of the mandated compliance with the reporting requirements provided under California Penal Code § 11166, Defendants created the risk and danger contemplated by the CANRA, and as a result, unreasonably and wrongfully exposed Plaintiffs and other minors to sexual molestation and abuse.

110.  Plaintiffs were members of the class of persons for whose protection California Penal Code § 11166 was specifically adopted to protect.

111.  Had Defendants adequately reported the molestation of Plaintiffs and other minors as required by California Penal Code § 11166, further harm to Plaintiffs and other minors would have been avoided.

112.  As a proximate result of Defendants' failure to follow the mandatory reporting requirements of California Penal Code § 11166, Defendants wrongfully denied Plaintiff and other minors the intervention of child protection services.  Such public agencies would have changed the then-existing arrangements and conditions that provided the access and opportunities for the molestation of Plaintiffs by DUFFY.

113.  The physical, mental, and emotional damages and injuries resulting from the sexual molestation of Plaintiffs by DUFFY, were the type of occurrence and injuries that the CANRA were designed to prevent.

114.  As a result, Defendants' failure to comply with the mandatory reporting requirements of California Penal Code § 11166 also constituted a *per se* breach of Defendants' duties to Plaintiffs.

115.  As a result of the above-described conduct, Plaintiffs have suffered and continue to suffer great pain of mind and body, shock, severe emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, and humiliation.  Also as a result of Defendants' and DUFFY's conduct, Plaintiffs were prevented and continue to be prevented from performing daily activities and obtaining the full enjoyment of life.  Further, Plaintiffs will sustain loss of earnings and reduced earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.  Plaintiffs are therefore entitled to compensatory damages from Defendants.

116.  Plaintiffs also seek treble damages pursuant to California Code of Civil Procedure Section 340.1(b)(1) on this claim.

117.  Defendant STATE is vicariously liable for the wrongful acts of DUFFY and Defendants SAL, CA PAL and DOES 6-10, pursuant to section 815.2(a) of the California Government Code.

118.  COUNTY is vicariously liable for the wrongful acts of DUFFY and Defendants SNIFF, and DOES 1-10, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.  At all relevant times, DUFFY, SNIFF, and DOES 1-10 were acting in the course and scope of their employment with the COUNTY.  At all relevant times, DUFFY was engaged in work that the COUNTY employed him to perform. DUFFY was the Executive Director of the Board of Directors of SAL, a COUNTY program.  It was only through SAL that DUFFY had access to the minors whom DUFFY sexually abused.  The COUNTY gave DUFFY free reign of SAL as alleged above. Further, DUFFY had requisitioned two SAL Community Resource Vehicles, which were COUNTY property, and it was inside those COUNTY vehicles that DUFFY committed the wrongful acts alleged above.  DUFFY's misconduct was incident to his duties as the Executive Director of SAL.

## EIGHTH CLAIM FOR RELEIF

### Intentional Infliction of Emotional Distress

(By all Plaintiffs against all Defendants)

119.  Plaintiffs reallege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

120.  Defendants' and DUFFY's conduct toward Plaintiffs, as described herein, was outrageous and extreme.

121.  Defendants SNIFF, COUNTY, STATE, SAL, NATIONAL PAL, CAPAL and DOES 1-10 knew that by failing to report DUFFY's abuse and assault, Plaintiffs and their parents would be directly harmed. Defendants had knowledge of DUFFY's dangerous propensities to sexually abuse and assault children, including knowledge of

the 1981 and 2007 police investigations into DUFFY's misconduct, and yet Defendants intentionally concealed this information to Plaintiffs' parents.

122.  A reasonable person would not tolerate the conduct of DUFFY and Defendants, and Defendants' and DUFFY's conduct was extreme and outrageous.  As alleged above, Defendants COUNTY, STATE, NATIONAL PAL, SAL, SNIFF, CA PAL and DOES 1-10 put DUFFY in positions of authority at the RCSD and SAL, which enabled DUFFY to have access Plaintiffs and to sexually abuse them.  A reasonable person would not expect Defendants to be incapable of supervising their employees and incapable of preventing COUNTY employees, including DUFFY, from sexually assaulting minors.  A reasonable person would not tolerate the Defendants' failure to supervise DUFFY to prevent such abuse from occurring and would not tolerate Defendants' failure to promptly notify the Plaintiffs' guardians and law enforcement authorities of DUFFY's misconduct.

123.  Defendants' and DUFFY's conduct described herein was intentional and malicious and done for the purpose of causing, or with the substantial certainty that it would cause Plaintiffs to suffer humiliation, mental anguish and emotional and physical distress.  Alternatively, Defendants acted with reckless disregard for the Plaintiffs because Defendants knew that emotional distress would result from their conduct and/or gave little or no thought to the probable effects of his conduct.

124.  As a result of the above-described conduct, Plaintiffs have suffered and continue to suffer great pain of mind and body, shock, severe emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, and humiliation.  Also as a result of Defendants' and DUFFY's conduct, Plaintiffs were prevented and continue to be prevented from performing daily activities and obtaining the full enjoyment of life.  Further, Plaintiffs will sustain loss of earnings and reduced earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.  Plaintiffs are therefore entitled to compensatory damages from Defendants.

125.  In subjecting Plaintiffs to the wrongful treatment herein described, DUFFY and Defendants SNIFF and DOES 1-10 acted willfully and maliciously with the intent to harm Plaintiffs, and in conscious disregard of Plaintiffs' rights.  Plaintiffs are therefore also entitled to the recovery of punitive damages, in an amount to be determined at trial, against Defendants the ESTATE, SNIFF and DOES 1-10.

126.  Plaintiffs also seek treble damages pursuant to California Code of Civil Procedure Section 340.1(b)(1) on this claim.

127.  Defendant STATE is vicariously liable for the wrongful acts of DUFFY and Defendants SAL, CA PAL and DOES 6-10, pursuant to section 815.2(a) of the California Government Code.

128.  COUNTY is vicariously liable for the wrongful acts of Defendant DUFFY, SNIFF, and DOES 1-10, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.  At all relevant times, DUFFY, SNIFF, and DOES 1-10 were acting in the course and scope of their employment with the COUNTY.  At all relevant times, DUFFY and SNIFF were engaged in work that the COUNTY employed him to perform. DUFFY was the Executive Director of the Board of Directors of SAL, a COUNTY program and a STATE chapter.  It was only through SAL that DUFFY had access to the minors whom DUFFY sexually abused.  The COUNTY gave DUFFY free reign of SAL as alleged above.  Further, DUFFY had requisitioned two SAL Community Resource Vehicles, which were COUNTY property, and it was inside those COUNTY vehicles that DUFFY committed the wrongful acts alleged above.  DUFFY's misconduct was incident to his duties as the Executive Director of SAL.

//

//

//

## NINTH CLAIM FOR RELIEF

### Bane Act (Cal. Gov. Code §52.1)

(By all Plaintiffs against all Defendants)

129.  Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

130.  California Civil Code Section 52.1 ("the Bane Act") prohibits any person from intentionally violating a person's constitutional rights.  An intent to violate a person's civil rights is demonstrated by a reckless disregard for the person's constitutional rights.

131.  DUFFY and Defendants intentionally violated Plaintiffs' constitutional rights as alleged above, and their actions and inactions demonstrated a reckless disregard for Plaintiffs' constitutional rights.

132.  The conduct of DUFFY and Defendants as alleged above was a substantial factor in causing Plaintiffs' damages.

133.  At all relevant times, DUFFY and Defendants SNIFF and DOES 1-10 were acting under color of state law and in the course and scope of their employment with the COUNTY.

134.  The COUNTY is vicariously liable for the wrongful acts of DUFFY and all named Defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

135.  Defendant STATE is vicariously liable for the wrongful acts of DUFFY and Defendants SAL, CA PAL and DOES 6-10, pursuant to section 815.2(a) of the California Government Code.

136.  As a direct result of DUFFY's misconduct, as well as a direct result of Defendants SNIFF's, STATE's, NATIONAL PAL's, SAL's, COUNTY's, CA PAL's

and DOES 1-10's failures to investigate and report DUFFY, Plaintiffs have suffered and continue to suffer great pain of mind and body, shock, severe emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, and humiliation.  Also as a result of Defendants' and DUFFY's conduct, Plaintiffs were prevented and continue to be prevented from performing daily activities and obtaining the full enjoyment of life.  Further, Plaintiffs will sustain loss of earnings and reduced earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.  Plaintiffs are therefore entitled to compensatory damages from Defendants on this claim.

137.  The conduct of DUFFY, SNIFF, and DOES 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to individual Defendants SNIFF and DOES 1-10.

138.  Plaintiffs also seek attorney's fees on this claim, including a multiplier under Cal. Civ. Code §52 *et seq*.  Plaintiffs also seek treble damages pursuant to California Code of Civil Procedure Section 340.1(b)(1) on this claim.

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for a jury trial and for judgment against Defendants as follows: (1) For past, present and future general damages in an amount to be determined at trial; (2) For past, present and future special damages, including but not limited to past, present and future lost earnings, economic damages and others, in an amount to be determined at trial; (3) For costs of suit; (4) For interest as allowed by law; (5) For appropriate statutory damages, including treble damages under Code of Civil Procedure section 340.1(b); (6) For attorney's fees pursuant to California Civil Code §52, and 42 U.S.C. § 1988, or otherwise as allowable by law; (7) For punitive damages against Defendants SNIFF and DOES 1-10; and (8) For such other and further relief as the court may deem proper.

Dated: July 31, 2020                    LAW OFFICES OF DALE K. GALIPO

                                        _/s/ Dale K. Galipo_
                                        _____
                                        By:   Dale K. Galipo
                                              Attorney for Plaintiffs

                                        LAW OFFICES OF STEVEN GRAFF
                                        LEVINE

                                        _/s/ Steven Graff Levine_
                                        _____
                                        By:   Steven Graff Levine
                                              Attorney for Plaintiffs

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial.

Dated: July 31, 2020                    LAW OFFICES OF DALE K. GALIPO

                                            */s/ Dale K. Galipo*
                                   By:    Dale K. Galipo
                                          Attorney for Plaintiffs

                          LAW OFFICES OF STEVEN GRAFF LEVINE

                                   By:    */s/ Steven Graff Levine*
                                          Steven Graff Levine
                                          Attorney for Plaintiffs

COMPLAINT FOR DAMAGES